UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MICHAEL HARRIS,

                Petitioner,                 **MEMORANDUM AND ORDER**
     -against-                               Case No. 09-CV-2383 (FB)

UNITED STATES OF AMERICA,

                Respondent.
-----------------------------------------------------------x

*Appearances:*
*For the Petitioner:*                              *For the Respondent*:
MICHAEL HARRIS, *pro se*               BENTON J. CAMPBELL, ESQ.
No. 61763-053                               United States Attorney
U.S. Penitentiary, Beaumont            Eastern District of New York
P.O. Box 26030                              By:    ELIZABETH J. KRAMER, ESQ.
Beaumont, TX 77720                        Assistant United States Attorney
                                                   271 Cadman Plaza East
                                                   Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

        Michael Harris ("Harris"), appearing *pro se*, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Following a jury trial, Harris was convicted of two counts of bank robbery in violation of 18 U.S.C. § 2113(a). He was sentenced on November 18, 2004, to a term of 262 months. His conviction was affirmed on direct appeal, but the Second Circuit remanded for resentencing in conformity with *United States v. Booker*, 543 U.S. 220 (2005). *See U.S. v. Harris*, 2005 WL 1793446, *1 (2d Cir. 2005). On remand, the Court declined to modify Harris's sentence, and the Second Circuit affirmed. *See U.S. v. Harris*, 2008 WL 2329291 (2d Cir. 2008). Harris timely filed this motion, claiming that his trial counsel was ineffective in a number of respects and that the Court improperly admitted DNA evidence. For the following reasons, the claims are without merit.

1

Harris's ineffective assistance claims are governed by the two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984): Harris must show both (1) "that counsel's representation fell below an objective standard of reasonableness," *id.* at 688, and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. "The burden of establishing both constitutionally deficient performance and prejudice is on the defendant." *United States v. Birkin*, 366 F.3d 95, 100 (2d Cir.2004). Because Harris moves *pro se*, the Court must "read his supporting papers liberally [and] interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

However, "[j]udicial scrutiny of counsel's performance must be highly deferential, and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Knowles v. Mirzayance*, 129 S.Ct. 1411, 1420 (2009) (quoting *Strickland*, 466 U.S. at 689) (citation and internal quotation marks omitted). "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S at 691.

Harris first claims that his trial counsel was ineffective for stipulating, without his approval, that the banks at issue were insured by the Federal Deposit Insurance Corporation ("FDIC"). However, because Harris does not demonstrate, let alone claim, that the banks were not insured by the FDIC, he cannot demonstrate that he was prejudiced by this stipulation. *See Strickland*, 466 U.S. at 700 ("Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim.").

Harris also claims that his trial counsel was ineffective for failing to object to the Court's bank robbery charge, which, he argues, was inadequate because it did not charge all of the

elements of that crime under 18 U.S.C. § 2113(a).  Specifically, Harris argues that a new trial is required because the Court failed to instruct the jury that the taking at issue must be knowing and willful.  However, unlike *United States v. Howard*, 506 F.2d 1131(2d Cir. 1974), upon which Harris relies, the trial transcript demonstrates that the Court instructed the jury as to this, and every, element of the crime, thoroughly explaining each in detail.  *See* Tr. at 525:17-528:23.

Finally, Harris claims that his trial counsel was ineffective for numerous alleged failings in connection with the trial testimony of Karen Lanning, a hair and fiber analysis expert called by the government.  He claims that his "trial counsel was ineffective for fail[ing] to call a [DNA] expert witness on his behalf to refute the prejudicial admission of inaccurate [DNA] evidence in the trial, *see* Ptr.'s Mtn at 30, and additionally because he failed to take

> pretrial step[s to] subpoena his own expert to testify ... in reference to the [DNA], ... failed to call his private investigator to testify about the government's alleged expert[']s lack of qualification as being an expert, and ... fail[e]d to request a mistrial for the government's failure to provide him with other needed and necessary reports from the [DNA] testing.

*Id.* at 30.  Harris additionally asserts that the Court improperly admitted Lanning's testimony as a DNA expert.

The trial transcript makes clear, however, that Lanning was "not a DNA expert." Tr. at 403:7.  She testified that the "FBI [did not] ever ask that a DNA analysis be done in this case[,]" *id.* at 404:9-11, and she did not analyze any DNA evidence in her testimony; moreover, no DNA evidence was introduced.  Thus, the premises which underlie Harris's arguments with regard to Lanning's testimony -- that she testified as a DNA expert and that the Court admitted such expert testimony -- are refuted by the trial record.

**CONCLUSION**

Harris's motion is denied. No certificate of appealability will issue since he has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

                                                              _____
                                                              FREDERIC BLOCK
                                                              Senior United States District Judge

Brooklyn, New York
March 16, 2010